1  Eugene J. Egan (State Bar No. 130108)
      *eje@manningllp.com*
2  Joseph A. Gordon (State Bar No. 314564)
      *jag@manningllp.com*
3  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
4  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
5  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
6
   Attorneys for Defendants COSTCO
7  WHOLESALE CORPORATION AND
   THAD KLESZCZ
8

9             **UNITED STATES DISTRICT COURT**

10      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11

12  CECILIA LOPEZ, an individual,        Case No.

13             Plaintiff,               (State Court Case No. 22STCV14147)

14      v.                              **NOTICE OF REMOVAL OF**
                                        **ACTION UNDER 28 U.S.C. §**
15  COSTCO WHOLESALE               **1441(b) (DIVERSITY):**
    CORPORATION, THAD KLESZCZ.    **DECLARATION OF JOSEPH A.**
16  and DOES 1 through 50, inclusive,   **GORDON**

17             Defendants.

18

19

20         TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21         PLEASE TAKE NOTICE that defendant COSTCO WHOLESALE

22  CORPORATION (hereinafter, "Costco") hereby removes to this Court the state

23  court action described below.

24         1.    On April 28, 2022, an action was commenced in the Superior Court of

25  the State of California in and for the County of Los Angeles, entitled CECILIA

26  LOPEZ, PLAINTIFF, V. COSTCO WHOLESALE CORPORATION, THAD

27  KLESZCZ, and DOES 1 to 50, DEFENDANTS, as Case Number 22STCV14147

28  (the "Action").  A true and correct copy of the Complaint is attached hereto as

_Manning & Kass_
_Ellrod, Ramirez, Trester LLP_
_Attorneys at Law_

1   Exhibit "A."

2        2.      Costco accepted service of said Complaint on May 10, 2022.  A true

3   and correct copy of the Service of Process Transmittal is attached hereto as Exhibit

4   "B."

5        3.      Defendant Thad Kleszcz accepted service of said Complaint on June 7,

6   2022.

7        4.      Costco answered said Complaint on June 8, 2022.  A true and correct

8   copy of the Conformed Answer is attached hereto as Exhibit "C."

9        4.      Costco is informed and believes that Plaintiff was, at the time she filed

10  the Action, and still is a citizen of the State of California.

11       5.      Aggregating all of the damages that Plaintiff seeks, the amount in

12  controversy exceeds the jurisdictional minimum of $75,000.  The amount in

13  controversy exceeds $75,000 based on Plaintiff's pre-suit settlement demand of

14  $169,180.00.  Please see the true and correct copy of the Plaintiff's pre-suite

15  settlement demand attached hereto as Exhibit "D."

16       6.      This removal is filed within thirty (30) days of service of Plaintiff's

17  Complaint.

18       7.      This action is a civil action of which this Court has original jurisdiction

19  under 28 U.S.C. §1332, and is one which may be removed to this Court by

20  defendant pursuant to the provisions of 28 U.S.C. §1441(a) in that it is a civil action

21  between citizens of different states and the matter in controversy exceeds the sum of

22  $75,000, exclusive of interest and costs.

23       8.      COSTCO WHOLESALE CORPORATION was, at the time of the

24  filing of this action, and still is, a citizen of the State of Washington, incorporated

25  under the laws of the State of Washington, with its principal place of business in the

26  State of Washington.  Both the California Secretary of State and Washington

27  Secretary of State identify COSTCO WHOLESALE CORPORATION as a

28  Washington Corporation.  COSTCO WHOLESALE CORPORATION's principle

2

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY): DECLARATION OF JOSEPH A. GORDON**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  address is 999 Lake Drive, Issaquah, Washington 98027.  True and correct copies of

2  search results for COSTCO WHOLESALE CORPORATION on those websites are

3  attached hereto as Exhibit "E."

4      9.    Defendant COSTCO WHOLESALE CORPORATION contends that

5  Defendant THAD KLESZCZ was only served here as a sham defendant for the

6  purposes of defeating removal. Under established Ninth Circuit jurisprudence, "a

7  non-diverse defendant is deemed a sham defendant if, after all disputed questions of

8  fact and all ambiguities in the controlling state law are resolved in the plaintiff's

9  favor, the plaintiff could not possibly recover against the party whose joinder is in

10  question." Padilla v. AT&T Corp., 697 F.Supp.2d 1156, 1158 (C.D. Cal. 2009).

11  Where a non-diverse defendant is merely a sham defendant, removal is proper.  See

12  Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996).  Thus, for example, where a

13  plaintiff included a non-diverse insurance agent, acting within the scope of a

14  disclosed agency, as a defendant, the Court denied the plaintiff's motion for remand

15  because the insurance agent was merely a sham defendant.  Good v. Prudential Ins.

16  Co. of Am., 5 F.Supp.2d 804, 807 (N.D. Cal. 1998).

17      10.    Moreover, in actions such as this, there is no independent liability for a

18  manager in the position of Defendant THAD KLESZCZ.  Under established

19  California law, absent a special relationship, "there can be no individual liability to

20  third parties for negligent hiring, retention or supervision of a fellow employee."

21  C.A. v. William S. Hart Union High School Dist., 53 Cal.4th 861, 877 (Cal. 2012);

22  see also de Villers v. County of San Diego, 156 Cal.App.4th 238 (Cal. Ct. App.

23  2007) (co-employee not personally liable for negligent supervision due to lack of

24  duty owed to third party).

25      11.    While a landowner may owe a special relationship with an invitee, such

26  that it is obligated to exercise reasonable care to make its property reasonably safe,

27  see e.g., Howard v. Omni Hotels Management Corp., 136 Cal.Rptr.3d 739, 761 (Cal.

28  Ct. App. 2012), an employee of the landowner owes no such duty.  See, e.g.,

3

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY): DECLARATION OF JOSEPH A. GORDON**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

Thornburg v. Superior Court, 138 Cal.App.4th 43, 52 (Cal. Ct. App. 2006) ("When agents and employees are acting in their official capacities on behalf of their principals and not as individuals for their own advantage, their acts are generally privileged and do not give rise to liability in tort or under statutes which impose duties on their principals").  Consequently, in Oppenheimer v. Robinson, 150 Cal.App.2d 420 (Cal. Ct. App. 1957), the Court held that a mere employee of an employer could not be held personally liable for the nonpayment of wages by the employer to a fellow employee.  Id. at p. 424.  Similarly, in Oppenheimer v. General Cable Corp., 143 Cal.App.2d 293 (Cal. Ct. App. 1956), the Court held that a breach of contract claim brought by a terminated employee cannot justify personal liability against another employee acting in their official capacity.  Id. at p. 296.  The common thread running through these cases is that the duty owed by an individual employee in carrying out the duties of her employment run to her employer, and personal liability to a third party cannot arise as to the employee for the failure to perform such a duty.  See Mears v. Crocker First Nat'l Bank, 97 Cal.App.2d 482, 485 (Cal. Ct. App. 1950) ["The agent or officer owes his duty only to the company, his principal, not to the individual stockholder"].

12.     This Notice of Removal is filed with this Court within 30 days after service of Plaintiff's Complaint.  This removal is timely as required by 28 U.S.C. §1446(b) which specifically provides, "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C.§ 1446 (b).

13.     Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders sent to and received by Costco in the State Court action are

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY): DECLARATION OF JOSEPH A. GORDON

1  attached hereto as Exhibit "F."

2

3  DATED:  June 9, 2022          **MANNING & KASS**

4                                **ELLROD, RAMIREZ, TRESTER LLP**

5

6                        By: _____

7                                Eugene J. Egan

8                                Joseph A. Gordon

9                                Attorneys for Defendants COSTCO
                                  WHOLESALE CORPORATION AND

10                               THAD KLESZCZ

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY): DECLARATION OF**
**JOSEPH A. GORDON**

## DECLARATION OF JOSEPH A. GORDON

I, JOSEPH A. GORDON, declare as follows:

1.      I am an attorney at law duly licensed to practice in the courts of the State of California and am an associate in the firm of Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record for defendants COSTCO WHOLESALE CORPORATION and THAD KLEZCZ (hereinafter "Defendants.")  I have personal knowledge of the matters stated herein and, if called upon to testify as a witness, I could and would competently so testify.

2.      On April 28, 2022, an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles, entitled Gloria Sauceda, Plaintiff vs. COSTCO WHOLESALE CORPORATION (erroneously identified as Costco Wholesale Membership, and DOES 1 to 100 inclusive, Defendants, as Case Number 20STCV38056 (the "Action").  A true and correct copy of the Complaint is attached hereto as Exhibit "A."

3.      Costco accepted service of said Complaint on May 10, 2022.  A true and correct copy of the Service of Process Transmittal is attached hereto as Exhibit "B."

4.      Defendant Thad Kleszcz accepted service of said Complaint on June 7, 2022.

5.      Costco answered said Complaint on June 8, 2022.  A true and correct copy of the Conformed Answer is attached hereto as Exhibit "C."

6.      Costco is informed and believes that Plaintiff was, at the time she filed the Action, and still is a citizen of the State of California.

7.      Aggregating all of the damages that Plaintiff seeks, the amount in controversy exceeds the jurisdictional minimum of $75,000.  The amount in controversy exceeds $75,000 based on Plaintiff's pre-suit settlement demand of $169,180.00.  Please see the true and correct copy of the Plaintiff's pre-suite settlement demand attached hereto as Exhibit "D."

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1    8.    This removal is filed within thirty (30) days of service of Plaintiff's

2  Complaint.

3    9.    This action is a civil action of which this Court has original jurisdiction

4  under 28 U.S.C. §1332, and is one which may be removed to this Court by

5  defendant pursuant to the provisions of 28 U.S.C. §1441(a) in that it is a civil action

6  between citizens of different states and the matter in controversy exceeds the sum of

7  $75,000, exclusive of interest and costs.

8    10.    COSTCO WHOLESALE CORPORATION was, at the time of the

9  filing of this action, and still is, a citizen of the State of Washington, incorporated

10  under the laws of the State of Washington, with its principal place of business in the

11  State of Washington.  Both the California Secretary of State and Washington

12  Secretary of State identify COSTCO WHOLESALE CORPORATION as a

13  Washington Corporation.  COSTCO WHOLESALE CORPORATION's principle

14  address is 999 Lake Drive, Issaquah, Washington 98027.  True and correct copies of

15  search results for COSTCO WHOLESALE CORPORATION on those websites are

16  attached hereto as Exhibit "E."

17    11.    Defendant COSTCO WHOLESALE CORPORATION contends that

18  Defendant THAD KLESZCZ was only served here as a sham defendant for the

19  purposes of defeating removal. Under established Ninth Circuit jurisprudence, "a

20  non-diverse defendant is deemed a sham defendant if, after all disputed questions of

21  fact and all ambiguities in the controlling state law are resolved in the plaintiff's

22  favor, the plaintiff could not possibly recover against the party whose joinder is in

23  question." Padilla v. AT&T Corp., 697 F.Supp.2d 1156, 1158 (C.D. Cal. 2009).

24  Where a non-diverse defendant is merely a sham defendant, removal is proper.  See

25  Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996).  Thus, for example, where a

26  plaintiff included a non-diverse insurance agent, acting within the scope of a

27  disclosed agency, as a defendant, the Court denied the plaintiff's motion for remand

28  because the insurance agent was merely a sham defendant.  Good v. Prudential Ins.

2

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

Co. of Am., 5 F.Supp.2d 804, 807 (N.D. Cal. 1998).

12.     Moreover, in actions such as this, there is no independent liability for a manager in the position of Defendant THAD KLESZCZ.  Under established California law, absent a special relationship, "there can be no individual liability to third parties for negligent hiring, retention or supervision of a fellow employee." C.A. v. William S. Hart Union High School Dist., 53 Cal.4th 861, 877 (Cal. 2012); see also de Villers v. County of San Diego, 156 Cal.App.4th 238 (Cal. Ct. App. 2007) (co-employee not personally liable for negligent supervision due to lack of duty owed to third party).

13.     While a landowner may owe a special relationship with an invitee, such that it is obligated to exercise reasonable care to make its property reasonably safe, see e.g., Howard v. Omni Hotels Management Corp., 136 Cal.Rptr.3d 739, 761 (Cal. Ct. App. 2012), an employee of the landowner owes no such duty.  See, e.g., Thornburg v. Superior Court, 138 Cal.App.4th 43, 52 (Cal. Ct. App. 2006) ("When agents and employees are acting in their official capacities on behalf of their principals and not as individuals for their own advantage, their acts are generally privileged and do not give rise to liability in tort or under statutes which impose duties on their principals").  Consequently, in Oppenheimer v. Robinson, 150 Cal.App.2d 420 (Cal. Ct. App. 1957), the Court held that a mere employee of an employer could not be held personally liable for the nonpayment of wages by the employer to a fellow employee.  Id. at p. 424.  Similarly, in Oppenheimer v. General Cable Corp., 143 Cal.App.2d 293 (Cal. Ct. App. 1956), the Court held that a breach of contract claim brought by a terminated employee cannot justify personal liability against another employee acting in their official capacity.  Id. at p. 296.  The common thread running through these cases is that the duty owed by an individual employee in carrying out the duties of her employment run to her employer, and personal liability to a third party cannot arise as to the employee for the failure to perform such a duty.  See Mears v. Crocker First Nat'l Bank, 97 Cal.App.2d 482,

3

485 (Cal. Ct. App. 1950) ["The agent or officer owes his duty only to the company, his principal, not to the individual stockholder"].

14.    This Notice of Removal is filed with this Court within 30 days after service of Plaintiff's Complaint.  This removal is timely as required by 28 U.S.C. §1446(b) which specifically provides, "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C.§ 1446 (b).

15.    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 4th day of November, 2020, at Los Angeles, California.


_/s/ Joseph A. Gordon_____

Joseph A. Gordon, Declarant

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY): DECLARATION OF JOSEPH A. GORDON**

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 04/28/2022 11:51 AM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk, Deputy Clerk
22STCV14147

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

| | |
|---|---|
| | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Costco Wholesale Corporation, Thad Kleszcz, and Does 1 to 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Cecilia Lopez

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Spring Street Courthouse<br>312 North Spring Street<br>Los Angeles CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**22STCV14147** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alexander J. Zeesman, Esq. (SBN: 288341) Accident Fighters, APC     (855) 646-4878
11145 Tampa Ave., Suite 4B Porter Ranch CA 91326

| | | |
|---|---|---|
| DATE:<br>*(Fecha)*     04/28/2022 | Sherri R. Carter Executive Officer / Clerk of Court , Deputy<br>Clerk, by<br>*(Secretario)* _____ Y. Tarasyuk _____ *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

    under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)

    [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

Electronically FILED by Superior Court of California, County of Los Angeles on 04/28/2022 11:51 AM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk
22STCV14147

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Daniel Crowley

**PLD-PI-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Alexander J. Zeesman, Esq. (SBN: 288341)<br>Accident Fighters, APC<br>11145 Tampa Ave., Suite 4B<br>Porter Ranch CA 91326<br>TELEPHONE NO: (855) 646-4878    FAX NO. (Optional): (855) 450-0989<br>E-MAIL ADDRESS (Optional): contact@accidentfighters.com<br>ATTORNEY FOR (Name): Plaintiff, Cecilia Lopez | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
 STREET ADDRESS: 312 North Spring Street
 MAILING ADDRESS:
 CITY AND ZIP CODE: Los Angeles 90012
 BRANCH NAME: Spring Street Courthouse

 PLAINTIFF: Cecilia Lopez

 DEFENDANT: Costco Wholesale Corporation, Thad Kleszcz, and

 ☑ DOES 1 TO 50

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
  ☐ AMENDED (Number):
Type (check all that apply):
  ☐ MOTOR VEHICLE   ☑ OTHER (specify): Premises Liability
      ☐ Property Damage      ☐ Wrongful Death
      ☐ Personal Injury      ☑ Other Damages (specify): General Negligence

| Jurisdiction (check all that apply): | CASE NUMBER: |
|---|---|
| ☐ ACTION IS A LIMITED CIVIL CASE<br>Amount demanded ☐ does not exceed $10,000<br>☐ exceeds $10,000, but does not exceed $25,000<br>☑ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>☐ ACTION IS RECLASSIFIED by this amended complaint<br>☐ from limited to unlimited<br>☐ from unlimited to limited | 22STCV14147 |

1. Plaintiff (name or names): Cecilia Lopez

   alleges causes of action against **defendant** (name or names):
   Costco Wholesale Corporation, Thad Kleszcz, and Does 1 to 50

2. This pleading, including attachments and exhibits, consists of the following number of pages: 6

3. Each plaintiff named above is a competent adult
   a. ☐ **except** plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other (specify):
      (5) ☐ other (specify):
   b. ☐ **except** plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other (specify):
      (5) ☐ other (specify):

   ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007] | **COMPLAINT—Personal Injury, Property<br>Damage, Wrongful Death** | Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov |
|---|---|---|

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lopez v. Costco Wholesale Corporation, et al. | |

4. ☐ Plaintiff *(name):*
   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

   a. ☑ **except** defendant *(name):*Costco Whosale Corporation
      (1) ☐ a business organization, form unknown
      (2) ☑ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   c. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   b. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   d. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☑ Doe defendants *(specify Doe numbers):*1-50        were the agents or employees of other
      named defendants and acted within the scope of that agency or employment.
   b. ☑ Doe defendants *(specify Doe numbers):*1-50        are persons whose capacities are unknown to
      plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

**PLD-PI-001**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lopez v. Costco Wholesale Corporation, et al. | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☑ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☑ Premises Liability
   f. ☐ Other *(specify):*

11. Plaintiff has suffered
   a. ☑ wage loss
   b. ☐ loss of use of property
   c. ☑ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☑ loss of earning capacity
   g. ☑ other damage *(specify):*
      Past and future medical expenses; past and future wage loss and loss of earning capacity; past and future household services; past and future incidental expenses; and past and future pain and suffering.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☑ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

16. Demand for Jury Trial - Plaintiff hereby demand a trial by jury in all the aforementioned matters.

Date: **4/28/2022**

Alexander J. Zeesman, Esq.
(TYPE OR PRINT NAME) — _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001(2)

| SHORT TITLE:<br>Lopez v. Costco Wholesale Corporation, et al. | CASE NUMBER: |
|---|---|

**FIRST** _____   **CAUSE OF ACTION—General Negligence**   Page ⁴ _____
(number)

ATTACHMENT TO  [✓] Complaint  [  ] Cross - Complaint

_(Use a separate cause of action form for each cause of action.)_

GN-1. Plaintiff _(name):_ Cecilia Lopez

alleges that defendant _(name):_ Costco Wholesale Corporation, Thad Kleszcz, and

[✓] Does  ¹ _____  to  ⁵⁰ _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on _(date):_ 08/27/2020
at _(place):_ 2901 Los Feliz Blvd, Los Angeles, CA 90039

_(description of reasons for liability):_

Defendants negligently, carelessly and recklessly maintained and operated their place of business and/or common areas as to cause Plaintiff to slip and fall. As a result, Plaintiff sustained physical injuries as alleged herein.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

MC-025

| SHORT TITLE:<br>— Lopez v. Costco Wholesale Corporation, et al. | CASE NUMBER: |
|---|---|

**ATTACHMENT** *(Number):* GN-1

*(This Attachment may be used with any Judicial Council form.)*

All Defendants

1. Defendants acted in a joint venture and/or enterprise, and/or in an employee-employer, agent-principal, or some other relationship which caused the injuries and damages alleged herein.

2. Defendants owned, managed, maintained, controlled, used, operated, supervised, inspected, and/or repaired the property involved in this incident, adjacent property, improvements, and/or fixtures thereon, and/or component parts thereof, in a negligent, careless, reckless, unlawful, defective,and/or dangerous manner which were used in a foreseeable manner involving unreasonable damages and/or risk not reasonably apparent, without adequate warning, which caused injuries and damages to Plaintiffs, and each of them, as alleged herein.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 5 of 6

*(Add pages as required)*

Form Approved for Optional Use<br>Judicial Council of California<br>MC-025 [Rev. July 1, 2009]

**ATTACHMENT<br>to Judicial Council Form**

*www.courtinfo.ca.gov*

PLD-PI-001(4)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lopez v. Costco Wholesale Corporation, et al. | |

SECOND _____     **CAUSE OF ACTION—Premises Liability**     Page 6 _____
(number)

ATTACHMENT TO    ☑ Complaint    ☐ Cross - Complaint
(Use a separate cause of action form for each cause of action.)

Prem.L-1. Plaintiff (name): Cecilia Lopez
        alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
        On (date): 08/27/2020                    plaintiff was injured on the following premises in the following
        fashion (description of premises and circumstances of injury):
        **Plaintiff was walking in Defendants store when he slipped on a piece of fruit, causing him to fall and
        sustain serious bodily injuries.**

Prem.L-2.    ☑    **Count One—Negligence** The defendants who negligently owned, maintained, managed and
            operated the described premises were (names):
            **Costco Wholesale Corporation, Thad Kleszcz, and**

        ☑ Does 1 _____ to 50 _____

Prem.L-3.    ☑    **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully
            or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
            (names):
            **Costco Wholesale Corporation, Thad Kleszcz, and**

        ☑ Does 1 _____ to 50 _____
        Plaintiff, a recreational user, was    ☑ an invited guest    ☐ a paying guest.

Prem.L-4.    ☐    **Count Three—Dangerous Condition of Public Property** The defendants who owned public property
            on which a dangerous condition existed were (names):

        ☐ Does _____ to _____
        a. ☐    The defendant public entity had ☐ actual    ☐ constructive notice of the existence of the
                dangerous condition in sufficient time prior to the injury to have corrected it.
        b. ☐    The condition was created by employees of the defendant public entity.

Prem.L-5. a. ☑    **Allegations about Other Defendants** The defendants who were the agents and employees of the
            other defendants and acted within the scope of the agency were (names):

        ☑ Does 1 _____ to 50 _____
        b. ☐    The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
                ☐ described in attachment Prem.L-5.b    ☐ as follows (names):

Page 1 of 1

Case 2:22-cv-03963-FMO-AS    Document 1    Filed 06/09/22    Page 18 of 60    Page ID
#:18
Electronically FILED by Superior Court of California, County of Los Angeles on 04/28/2022 11:51 AM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk
22STCV14147

**CM-010**

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Alexander J. Zeesman, Esq. (SBN: 288341)<br>Accident Fighters, APC<br>11145 Tampa Ave., Suite 4B Porter Ranch CA 91326<br>TELEPHONE NO.: (855) 646-4878    FAX NO.: (855) 450-0989<br>ATTORNEY FOR *(Name):* Plaintiff, Cecilia Lopez | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Spring Street Courthouse

CASE NAME:
Lopez v. Costco Wholesale Corporation, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount       (Amount<br>demanded    demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 22STCV14147<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☑ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* TWO
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 4/28/2022

Alexander J. Zeesman, Esq.
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
   Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment (*non-domestic relations*)
   Sister State Judgment
   Administrative Agency Award (*not unpaid taxes*)
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
   Declaratory Relief Only
   Injunctive Relief Only (*non-harassment*)
   Mechanics Lien
   Other Commercial Complaint Case (*non-tort/non-complex*)
   Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Lopez v. Costco Wholesale Corporation, et al. | 22STCV14147 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☑ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 ✓ |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| LASC CIV 109 Rev. 12/18<br>For Mandatory Use | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | Local Rule 2.3<br>Page 1 of 4 |
|---|---|---|

| SHORT TITLE: Lopez v. Costco Wholesale Corporation, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE:<br>Lopez v. Costco Wholesale Corporation, et al. | CASE NUMBER |
|---|---|

| **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment With Damages<br>☐ A6123 Workplace Harassment With Damages<br>☐ A6124 Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name/Change of Gender<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

Left side labels: Judicial Review; Provisionally Complex Litigation; Enforcement of Judgment; Miscellaneous Civil Complaints; Miscellaneous Civil Petitions

LASC CIV 109 Rev. 12/18<br>For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

Local Rule 2.3<br>Page 3 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Lopez v. Costco Wholesale Corporation, et al. | |

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☑ 11. | 2901 Los Feliz Blvd. |

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|
| Los Angeles | CA | 90039 | |

**Step 5: Certification of Assignment**: I certify that this case is properly filed in the **CENTRAL**_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: **4/28/2022**_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**04/28/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Y. Tarasyuk _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>22STCV14147 |

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Daniel M. Crowley | 28 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 04/28/2022
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Y. Tarasyuk _____ , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

**\*Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**FILED**
Superior Court of California
County of Los Angeles

2020-SJ-002-00

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY COURT ("PI COURT") PROCEDURES SPRING STREET COURTHOUSE (EFFECTIVE FEBRUARY 24, 2020) | ) CASE NO.: 22STCV14147 <br> ) <br> ) FIRST AMENDED STANDING ORDER <br> ) RE: PERSONAL INJURY PROCEDURES <br> ) AT THE SPRING STREET COURTHOUSE |

**ALL HEARINGS ARE SET IN THE DEPARTMENT AS REFLECTED IN THE NOTICE OF CASE ASSIGNMENT**

**FINAL STATUS CONFERENCE:**

DATE: _____10/12/2023_____ AT 10:00 A.M.

**TRIAL:**

DATE: _____10/26/2023_____ AT 8:30 A.M.

**OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):**

DATE: _____04/24/2025_____ AT 8:30 A.M.

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE SEPTEMBER 26, 2019 STANDING ORDER AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ("PI") ACTIONS FILED IN THE CENTRAL DISTRICT.

///

1.    To ensure proper assignment to a PI Court, plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as: "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition" (Local Rule 2.3(a)(1) (A)).

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) checks any of the following boxes in the Civil Case Cover Sheet Addendum:

- ☐ A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death
- ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist
- ☐ A7260 Product Liability (not asbestos or toxic/environmental)
- ☐ A7210 Medical Malpractice – Physicians & Surgeons
- ☐ A7240 Medical Malpractice – Other Professional Health Care Malpractice
- ☐ A7250 Premises Liability (e.g., slip and fall)
- ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)
- ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) checks any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

The Court sets the above dates in this action in the PI Court as reflected in the Notice of Case Assignment at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA

2020-SJ-002-00

1  90012 (C.R.C. Rules 3.714(b)(3), 3.729).

2  **FILING OF DOCUMENTS**

3  2.      With the exception of self-represented litigants or parties or attorneys that have obtained

4  an exemption from mandatory electronic filing, parties must electronically file documents.

5  Filings are no longer accepted via facsimile. The requirements for electronic filing are detailed

6  in the Court's operative General Order Re Mandatory Electronic Filing for Civil, available online

7  at www.lacourt.org (link on homepage).

8  **SERVICE OF SUMMONS AND COMPLAINT**

9  3.      Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

10  soon as possible but no later than three years from the date when the complaint is filed

11  (C.C.P. § 583.210, subd. (a)).  On the OSC re Dismissal date noted above, the PI Court will

12  dismiss the action and/or all unserved parties unless the plaintiff(s) shows cause why the action

13  or the unserved parties should not be dismissed (C.C.P. §§ 583.250; 581, subd. (b)(4)).

14  4.      The Court sets the above trial and final status conference ("FSC") dates on the condition

15  that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six

16  months of filing the complaint.

17  5.      The PI Court will dismiss the case without prejudice pursuant to Code of Civil Procedure

18  § 581 when no party appears for trial.

19  **STIPULATIONS TO CONTINUE TRIAL**

20  6.      Provided that all parties agree (and there is no violation of the "five-year rule" (C.C.P.

21  § 583.310)), the parties may advance or continue any trial date in the PI Courts without showing

22  good cause or articulating any reason or justification for the change.  To continue or advance a

23  trial date, the parties (or their counsel of record) should jointly execute and submit a Stipulation

24  to Continue Trial, FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available

25  on the court's website, Personal Injury Court link). The PI Courts schedule FSCs at 10:00 a.m.,

26  eight court days before the trial date. Parties seeking to continue the trial and FSC dates shall

27  file the stipulation at least eight court days before the FSC date.  Parties seeking to advance the

28  trial and FSC dates shall file the stipulation at least eight court days before the proposed advanced

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1    FSC date (C.C.P. § 595.2;  Govt. Code § 70617, subd. (c)(2)). In selecting a new trial date,
2    parties should avoid setting on any Monday, or the Tuesday following a court holiday.  Parties
3    may submit a maximum of two stipulations to continue trial, for a total continuance of six
4    months. Subsequent requests to continue trial will be granted upon a showing of good cause by
5    noticed motion.  This rule is retroactive so that any previously granted stipulation to continue
6    trial will count toward the maximum number of allowed continuances.

7    **NO CASE MANAGEMENT CONFERENCES**

8    7.        The PI Courts do not conduct case management conferences.  The parties need not file a
9    Case Management Statement.

10   **LAW AND MOTION**

11   8.        Any and all electronically-filed documents must be text searchable and bookmarked.
12   (*See* operative General Order re Mandatory Electronic Filing in Civil).

13   **COURTESY COPIES REQUIRED**

14   9.        Pursuant to the operative General Order re Mandatory Electronic Filing, courtesy
15   copies of certain documents must be submitted directly to the PI Court courtrooms at the
16   Spring Street Courthouse. The PI Courts also strongly encourage the parties filing and
17   opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one
18   or more three-ring binders organizing the courtesy copy behind tabs. Any courtesy copies of
19   documents with declarations and/or exhibits must be tabbed (C.R.C. Rule 3.1110(f)). All
20   deposition excerpts referenced in briefs must be marked on the transcripts attached as exhibits
21   (C.R.C. Rule 3.1116(c)).

22   **RESERVATION HEARING DATE**

23   10.       Parties must reserve hearing dates for motions in the PI Courts using the Court
24   Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).  After
25   reserving a motion hearing date, the reservation requestor must submit the papers for filing with
26   the reservation receipt number printed on the face page of the document under the caption and
27   attach the reservation receipt as the last page. Parties or counsel who are unable to utilize the
28   online CRS may reserve a motion hearing date by calling the PI courtroom, Monday through

2020-SJ-002-00

1  Friday, between 3:00 p.m. and 4:00 p.m.

2  **WITHDRAWAL OF MOTIONS**

3  11.    California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court

4  immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the

5  PI Courts require parties to comply with Code of Civil Procedure section 472(a) with regard to

6  the amending of pleadings related to demurrers or motions to strike so that the PI Courts do not

7  needlessly prepare tentative rulings for these matters.

8  **DISCOVERY MOTIONS**

9  12.    The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to

10  resolve and/or narrow the scope of discovery disputes. Lead trial counsel on each side, or another

11  attorney with full authority to make binding agreements, must attend in person. The PI judges

12  have found that, in nearly every case, the parties amicably resolve disputes with the assistance

13  of the Court.

14  13.    Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to

15  Discovery will be heard unless the moving party submits evidence, by way of declaration, that

16  the opposing party has failed or refused to participate in an IDC. Scheduling or participating in

17  an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for

18  noticing and filing discovery motions. Ideally, the parties should participate in an IDC before a

19  motion is filed because the IDC may avoid the necessity of a motion or reduce its scope. Because

20  of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for

21  filing a motion to compel further discovery responses in order to allow time to participate in an

22  IDC.

23        If parties do not stipulate to extend the deadlines, the moving party may file the motion

24  to avoid it being deemed untimely. However, the IDC must take place before the motion is

25  heard so it is suggested that the moving party reserve a date for the motion hearing that is at least

26  60 days after the date when the IDC reservation is made. Motions to Compel Further Discovery

27  Responses are heard at 10:00 a.m. If the IDC is not productive, the moving party may advance

28  the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1  that complies with the notice requirements of the Code of Civil Procedure.

2  14.    Parties must reserve IDC dates in the PI Courts using CRS, which is available online at

3  www.lacourt.org (link on homepage).  Parties must meet and confer regarding the available dates

4  in CRS prior to accessing the system.  After reserving the IDC date, the reservation requestor

5  must file and serve an Informal Discovery Conference Form for Personal Injury Courts (form

6  LACIV 239) at least 15 court days prior to the conference and attach the CRS reservation receipt

7  as the last page.  The opposing party may file and serve a responsive IDC form, briefly setting

8  forth that party's response, at least ten court days prior to the IDC.

9  15.    Time permitting, the PI Hub judges may be available to participate in IDCs to try to

10  resolve other types of discovery disputes.

11  **EX PARTE APPLICATIONS**

12  16.    Under the California Rules of Court, courts may only grant *ex parte* relief upon a

13  showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

14  "immediate danger," or where the moving party identifies "a statutory basis for granting relief

15  ex parte" (C.R.C. Rule 3.1202(c)).  The PI Courts have no capacity to hear multiple *ex parte*

16  applications or to shorten time to add hearings to their fully booked motion calendars.  The PI

17  Courts do not regard the Court's unavailability for timely motion hearings as an "immediate

18  danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*

19  relief, the moving party should reserve the earliest available motion hearing date (even if it is

20  after the scheduled trial date) and file a motion to continue trial.  Parties should also check

21  CRS from time to time because earlier hearing dates may become available as cases settle or

22  hearings are taken off calendar.

23  **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

24  17.    Parties seeking to transfer a case from a PI Court to an Independent Calendar ("IC")

25  Court shall file and serve the Court's "Motion/Opposition/Stipulation to Transfer Complicated

26  Personal Injury Case to Independent Calendar Court" (form LACIV 238, available on the Court's

27  website under the PI Courts link).  The PI Courts will transfer a matter to an IC Court if the case

28  is not a "Personal Injury" case as defined in this Order, or if it is "complicated."  In determining

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

1  whether a personal injury case is "complicated" the PI Courts will consider, among other things,
2  the number of pretrial hearings or the complexity of issues presented.

3  18.    Parties opposing a motion to transfer have five court days to file an Opposition (using
4  the same LACIV 238 Motion to Transfer form).

5  19.    The PI Courts will not conduct a hearing on any Motion to Transfer to IC Court. Although
6  the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts
7  will make an independent determination whether to transfer the case or not.

8  **FINAL STATUS CONFERENCE**

9  20.    Parties shall comply with the requirements of the PI Courts' operative Standing Order
10  Re Final Status Conference, which shall be served with the summons and complaint.

11  **JURY FEES**

12  21.    Parties must pay jury fees no later than 365 calendar days after the filing of the initial
13  complaint (C. C. P. § 631, subd. (c)(2)).

14  **JURY TRIALS**

15  22.    The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the
16  Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One
17  will assign cases for trial to dedicated Civil Trial Courtrooms and designated Criminal
18  Courtrooms.

19  **SANCTIONS**

20  23.    The Court has discretion to impose sanctions for any violation of this general order
21  (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b)).

24  Dated: _Feb. 24, 2020_

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

 Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

    a. **The Civil Mediation Vendor Resource List**
       If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
- **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

    b. **Los Angeles County Dispute Resolution Programs**
       https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

       Day of trial mediation programs have been paused until further notice.

       **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

    c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

**FILED**    2021-SJ-008-00
Superior Court of California
County of Los Angeles

**JUN 23 2021**

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Conrad Aubine

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE PERSONAL INJURY CASES )    SIXTH AMENDED STANDING ORDER
ASSIGNED TO PERSONAL INJURY )    RE: MANDATORY SETTLEMENT
COURTROOMS AT THE SPRING STREET )   CONFERENCE
COURTHOUSE )                        (Effective June 21, 2021)
)
)
)
)
)

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to California Code of Civil Procedure, the California Rules of Court and the Los Angeles Court Rules, the Los Angeles Superior Court (Court) HEREBY AMENDS AND SUPERSEDES THE FEBRUARY 24, 2020 FIFTH AMENDED STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING SIXTH AMENDED STANDING ORDER:

The Court orders the parties to participate in a virtual Mandatory Settlement Conference (MSC) supervised by a judge and staffed by volunteer attorneys who have significant experience in handling these types of cases and are members of the American Board of Trial Advocates, the Association of Southern California Defense Counsel, the Consumer Attorneys Association of Los Angeles, and or the Beverly Hills Bar Association, and have continuing professional interest as officers of the court in its successful operation.

1. Plaintiff's counsel shall within two (2) court days of the Court's Order of an MSC access the ResolveLawLA website at www.resolvelawla.com to create an account and register the case for MSC. Plaintiff's counsel must coordinate with defense counsel and select a mutually agreed upon date and time for the MSC prior to the trial date. Plaintiff's counsel shall also provide the name, email address, and phone number for defense counsel when registering the case for an MSC.

2021-SJ-008-00

2. A mandatory settlement conference statement shall be lodged by each party with the ResolveLawLA website and served on all parties not less than five (5) court days before the scheduled MSC. The settlement conference statement shall be limited to five (5) pages on the MSC Brief and ten (10) pages for exhibits. ResolveLawLA MSCs are available at 9 a.m. and 1:30 p.m. Monday through Friday, excluding court holidays, and are conducted via Zoom.

3. Pursuant to California Rules of Court, Rule 3.1380(b) and Los Angeles Superior Court Rule 3.25(d), trial counsel, the parties and persons with full authority to settle the case (including insurance company representatives) must attend virtually via the website unless a judge has excused the virtual appearance for good cause. Once defense counsel is notified that the matter has been scheduled for a remote MSC, defense counsel shall create their own login to the resolvelawla.com system, and shall list all parties, party representatives and insurance adjusters' names, phone numbers, and emails where indicated. In the event the MSC needs to be canceled, it must be canceled through the ResolveLawLA system.

4. If the case settles prior to the scheduled MSC, Plaintiff's counsel shall forthwith notify the courtroom to which the case is assigned of such settlement. The parties should also document their settlement agreement in a writing signed by all parties. Upon receiving notification, the ResolveLawLA system will send notifications via text and/or email and will include a Zoom link for counsel, the parties, and insurance representatives to join the remote MSC.

5. The Court has the discretion to require any party and/or counsel who fails or refuses to comply with this order, to show cause why the Court should not impose monetary sanctions.

IT IS SO ORDERED.

Dated: 6/23/21

Judge David J. Cowan
Supervising Judge, Civil Division

2

STANDING ORDER – Sixth Amended Standing Order
re MSC In Re PI Cases Assigned to PI Courtrooms at Spring Street Courthouse

1

**FILED**
Superior Court of California
County of Los Angeles

2021-SJ-018-00

2

**OCT 08 2021**

3

Sherri R. Carter, Executive Officer/Clerk

4

By: _____ Deputy
Lorena Altuna

5

6

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

7

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

8

9
In re Personal Injury Cases Assigned
to the Personal Injury Courts at the
10
Spring Street Courthouse

)
)
)
)
)
)
)
)

SECOND AMENDED SUPPLEMENTAL
STANDING ORDER RE COVID
PROTECTIVE MEASURES RELATED TO
FINAL STATUS CONFERENCES IN
PERSONAL INJURY CASES AT THE
SPRING STREET COURTHOUSE

11

12

13          In an effort to reduce the number of in-person appearances in the Personal Injury

14    ("PI") courtrooms located in the Spring Street courthouse and to prevent the transmission of

15    the COVID-19 virus, the court hereby issues this supplemental order to the Third Amended

16    Standing Order re: Final Status Conference Personal Injury Courts dated February 24, 2020

17    ("Operative PI FSC Order").

18          **1.    ELECTRONIC TRIAL BINDERS**

19          As set forth in the Operative PI FSC Order, parties/counsel must file and serve Trial

20    Readiness Documents at least five calendar days prior to the FSC.  Instead of providing the

21    court that will be conducting the FSC with the trial binders as described in the Operative PI

22    FSC Order and appearing in person, parties/counsel are ordered to provide the trial binders

23    in electronic form. This will allow parties and attorneys to appear remotely for the final status

24    conference and provide the court with the opportunity to review the trial binders to determine

25    whether the parties/counsel are ready for trial.  Hard copies of the binders prepared in

26    accordance with the Operative PI FSC Order will continue to be required for the trial

27    courtroom.

28    ///

SECOND AMENDED SUPPLEMENTAL STANDING ORDER RE COVID PROTECTIVE MEASURES RELATED TO
FINAL STATUS CONFERENCES IN PERSONAL INJURY CASES AT THE SPRING STREET COURTHOUSE

2.    **REQUIREMENTS OF ELECTRONIC TRIAL BINDERS**

At least <u>two</u> court days before the FSC, parties/counsel must submit via email a joint electronic trial binder to the courtroom conducting the FSC as follows:

    a.    The parties/counsel must submit in <u>one</u> PDF the joint statement of the case, joint witness list, joint list of jury instructions, full-text joint and contested jury instructions, joint and/or contested verdict form(s), joint exhibit list, and joint deposition designation chart as listed in paragraph 4 of the Operative PI FSC Order.

    b.    The trial briefs and motions in limine, oppositions, and replies, if any, must be submitted in a separate PDF.

    c.    The PDFs must be text searchable.

    d.    The PDFs must be bookmarked which is essentially an electronic tab so that the FSC judge can easily find and navigate among the trial documents. (See https://helpx.adobe.com/acrobat/using/page-thumbnails-bookmarks-pdfs.html and/or https://support.microsoft.com/en-us/office/ for bookmarking instructions).

    e.    The PDFs must be emailed to the applicable email address listed below:

Department 27 at sscdept27FSC@LACourt.org

Department 28 at sscdept28FSC@LACourt.org

Department 29 at sscdept29FSC@LACourt.org

Department 30 at sscdept30FSC@LACourt.org

Department 31 at sscdept31FSC@LACourt.org

Department 32 at sscdept32FSC@LACourt.org

    f.    The subject line in the email must include identifying case information as follows:

[Insert Case Number] Trial Readiness Binder, FSC, [Insert MM/DD/YEAR of Hearing Date] (e.g. 19STCV00001 Trial Readiness Binder, FSC 01/11/2021).

g.   Each email should have two PDFs attached – one containing the Trial
Readiness documents and the other containing the trial briefs and motions in
limine, if applicable.

h.   The parties need not submit the evidentiary exhibit binders at the FSC.
However, the parties shall prepare the exhibit binders as required in paragraph
5 of the Operative PI FSC Order and be prepared to represent to the court that
they have been properly prepared. Hard copies of the exhibit binders will be
required for trial.

3.   **FAILURE TO COMPLY WITH FSC OBLIGATIONS**

The court has discretion to require any party/counsel who fails or refuses to comply
with this Supplemental Standing Order to show cause why the Court should not impose
monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking
of an answer). In addition, failure to timely and fully comply with this order may result in the
case not being assigned a trial courtroom by Dept. 1.

Dated: _10/8/2021_

David J. Cowan
Supervising Judge, Civil
Los Angeles Superior Court

Page 3 of 3

# EXHIBIT B

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
05/09/2022
CT Log Number 541545646

## Service of Process Transmittal Summary

**TO:**    Laura Aznavoorian, Litigation Supervisor
Gallagher Bassett Services, Inc.
1901 S. Meyers Rd, Suite 200C
Oakbrook Terrace, IL 60181

**RE:**    **Process Served in California**

**FOR:**   Costco Wholesale Corporation  (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Cecilia Lopez // To: Costco Wholesale Corporation |
| **CASE #:** | 22STCV14147 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/09/2022 at 01:29 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/10/2022, Expected Purge Date: 05/25/2022 |
| | Image SOP |
| | Email Notification,  Laura Aznavoorian  laura_aznavoorian@gbtpa.com |
| | Email Notification,  Zois Johnston  zjohnston@costco.com |
| | Email Notification,  Maureen Papier  maureen_papier@gbtpa.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-665-5799 |
| | SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# EXHIBIT C

1 | Eugene J. Egan (State Bar No. 130108)
    *eje@manningllp.com*
2 | Joseph Gordon (State Bar No. 314564)
    *jag@manningllp.com*
3 | **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
4 | 801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
5 | Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
6 |
7 | Attorneys for Defendants COSTCO
   WHOLESALE CORPORATION and THAD
   KLESZCZ
8 |

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

| | |
|---|---|
| CECILIA LOPEZ, | Case No. 22STCV14147 |
|       Plaintiff, | **DEFENDANTS COSTCO WHOLESALE CORPORATION AND THAD KLESZCZS' ANSWER TO COMPLAINT FOR NEGLIGENCE AND WILLFUL FAILURE TO WARN; DEMAND FOR JURY TRIAL** |
|       v. | |
| COSTCO WHOLESALE CORPORATION, THAD KLESZCZ, and DOES 1 through 50 inclusive, | |
|       Defendants. | |

      Pursuant to Sections 431.10, *et seq.*, of the California Code of Civil Procedure, Defendants COSTCO WHOLESALE CORPORATION and THAD KLESZCZ ("Defendants") answer the Complaint of Plaintiff CECILIA LOPEZ ("Plaintiff"). Defendants deny, both generally and specifically, each and every allegation of the Complaint and denies that Plaintiff is entitled to any relief whatsoever.

**<u>AFFIRMATIVE DEFENSES</u>**

      Defendants plead the following separate defenses. Defendants reserve the right to assert additional affirmative defenses that discovery indicates are proper.

**<u>FIRST AFFIRMATIVE DEFENSE</u>**

**(Failure to State a Claim)**

*(left margin vertical text)* Manning&Kass ELLROD, RAMIREZ, TRESTER LLP *Attorneys at Law*

1.      As a separate and first affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

### (Assumption of Risk)

2.      As a separate and second affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff, and/or the persons and/or entities acting on Plaintiff's behalf, assumed the risk of all conduct of the Plaintiff or her agents.

## THIRD AFFIRMATIVE DEFENSE

### (Comparative Fault)

3.      As a separate and third affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff's damages, if any, were caused by the primary negligence and/or acquiescence in the acts and omissions alleged in the Complaint by the Plaintiff, and Plaintiff's agents, employees, representatives, relatives, heirs, assigns, attorneys, and/or any others acting on Plaintiff's behalf.  By reason thereof, Plaintiff is not entitled to damages or any other relief whatsoever as against Defendants.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

4.      As a separate and fourth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff's claims, if any, are barred for her failure, and/or the failure of the persons and/or entities acting on her behalf, to mitigate any purported damages.

## FIFTH AFFIRMATIVE DEFENSE

### (Intervening and Superseding Cause)

5.      As a separate and fifth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that if Plaintiff suffered or sustained any loss, damage or injury as alleged in the Complaint, such loss, damage or injury was legally caused or contributed to by the negligence or wrongful conduct of other parties, persons or entities, and that

2

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

their negligence or wrongful conduct was an intervening and superseding cause of the loss,

damage or injury of which Plaintiff complains.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

6.      As a separate and sixth affirmative defense to the Complaint and each purported

cause of action contained therein, Defendants allege that Plaintiff is barred in whole or in part

from prosecuting the purported causes of action set forth in the Complaint by the doctrine of

laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Injury or Damage)

7.      As a separate and seventh affirmative defense to the Complaint and each purported

cause of action contained therein, Defendants allege that Plaintiff has not been injured or damaged

as a proximate result of any act or omission for which Defendants are responsible.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Malicious Intent)

8.      As a separate and eighth affirmative defense to the Complaint and each purported

cause of action contained therein, Defendants allege that Defendants did not act with malicious

intent to cause any injury and therefore are not liable.

## NINTH AFFIRMATIVE DEFENSE

### (Proximate Cause – Plaintiff)

9.      As a separate and ninth affirmative defense to the Complaint and each purported

cause of action contained therein, Defendants allege that the injuries and damages alleged in the

Complaint by Plaintiff occurred, were proximately caused by and/or were contributed to by

Plaintiff's own acts or failures to act and that Plaintiff's recovery, if any, should be reduced by an

amount proportionate to the amount by which said acts caused or contributed to said alleged injury

or damages.

**DEFENDANTS COSTCO WHOLESALE CORPORATION AND THAD KLESZCZS' ANSWER TO
COMPLAINT FOR NEGLIGENCE AND WILLFUL FAILURE TO WARN; DEMAND FOR JURY TRIAL**

**TENTH AFFIRMATIVE DEFENSE**

**(Proximate Cause – Other Persons)**

10.    As a separate and tenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that the damages alleged to have been suffered by Plaintiff in the Complaint were proximately caused or contributed to by acts or failures to act of persons other than these answering Defendants, which acts or failures to act constitute an intervening and superseding cause of the damages alleged in the Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

11.    As a separate and eleventh affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Ongoing Investigation)**

12.    As a separate and twelfth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that they have not yet completed a thorough investigation or study or completed the discovery of all the facts and circumstances of the subject matter of the Complaint and, accordingly, reserve the right to amend, modify, revise or supplement their answer and to plead such other defenses and take such other further actions as they may deem proper and necessary in their defense upon completion of said investigation and/or study.

WHEREFORE, Defendants pray for relief as follows:

1.    That the Complaint be dismissed, with prejudice and in its entirety;

2.    That Plaintiff take nothing by reason of this Complaint and that judgment be entered against Plaintiff and in favor of Defendants;

3.    That Defendants be awarded their costs incurred in defending this action;

4.    That Defendants be granted such other and further relief as the Court may deem

4

DEFENDANTS COSTCO WHOLESALE CORPORATION AND THAD KLESZCZS' ANSWER TO COMPLAINT FOR NEGLIGENCE AND WILLFUL FAILURE TO WARN; DEMAND FOR JURY TRIAL

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1 | just and proper.

2 | DATED:  June 8, 2022                    **MANNING & KASS
                                      ELLROD, RAMIREZ, TRESTER LLP**

4 |

5 |                                      By:        /s/ Joseph Gordon
                                                _____
6 |                                      Joseph Gordon
                                         Attorneys for Defendants COSTCO
7 |                                      WHOLESALE CORPORATION and THAD
                                         KLESZCZ



**DEFENDANTS COSTCO WHOLESALE CORPORATION AND THAD KLESZCZS' ANSWER TO
COMPLAINT FOR NEGLIGENCE AND WILLFUL FAILURE TO WARN; DEMAND FOR JURY TRIAL**

## DEMAND FOR JURY TRIAL

Defendants, COSTCO WHOLESALE CORPORATION and THAD KLESZCZ, hereby demand trial of this matter by jury.

DATED:  June 8, 2022        **MANNING & KASS**
                        **ELLROD, RAMIREZ, TRESTER LLP**


By:      */s/ Joseph Gordon*
         Joseph Gordon
         Attorneys for Defendants COSTCO
         WHOLESALE CORPORATION and THAD
         KLESZCZ

**DEFENDANTS COSTCO WHOLESALE CORPORATION AND THAD KLESZCZS' ANSWER TO COMPLAINT FOR NEGLIGENCE AND WILLFUL FAILURE TO WARN; DEMAND FOR JURY TRIAL**

1    **PROOF OF SERVICE**

2    **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3          At the time of service, I was over 18 years of age and not a party to this action.  I am
employed in the County of Los Angeles, State of California.  My business address is 801 S.
4    Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

5          On June 8, 2022, I served true copies of the following document(s) described as
**DEFENDANTS COSTCO WHOLESALE CORPORATION AND THAD KLESZCZS'**
6    **ANSWER TO COMPLAINT FOR NEGLIGENCE AND WILLFUL FAILURE TO WARN;**
**DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

7
                        **SEE ATTACHED SERVICE LIST**
8
          **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the
9    persons at the addresses listed in the Service List and placed the envelope for collection and
mailing, following our ordinary business practices.  I am readily familiar with the practice of
10   Manning & Kass, Ellrod, Ramirez, Trester LLP for collecting and processing correspondence for
mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited
11   in the ordinary course of business with the United States Postal Service, in a sealed envelope with
postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The
12   envelope was placed in the mail at Los Angeles, California.

13         **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the
document(s) to be sent from e-mail address apc@manningllp.com to the persons at the e-mail
14   addresses listed in the Service List.  I did not receive, within a reasonable time after the
transmission, any electronic message or other indication that the transmission was unsuccessful.
15
          I declare under penalty of perjury under the laws of the State of California that the
16   foregoing is true and correct.

17         Executed on June 8, 2022, at Los Angeles, California.

18                                                       _Arlene Cabang_

19                                          _____
                                            Arlene Cabang
20

21

22

23

24

25

26

27

28

**DEFENDANTS COSTCO WHOLESALE CORPORATION AND THAD KLESZCZS' ANSWER TO
COMPLAINT FOR NEGLIGENCE AND WILLFUL FAILURE TO WARN; DEMAND FOR JURY TRIAL**

1                                 **SERVICE LIST**

2

3  Alexander J. Zeesman, Esq,                Attorneys for Plaintiff,
   Accident Fighters, APC                     Cecilia Lopez

4  11145 Tampa Ave., Suite 4B
   Porter Ranch, CA 91326

5  Tel: (855) 646-4878
   Email: contact@accidentfighters.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS COSTCO WHOLESALE CORPORATION AND THAD KLESZCZS' ANSWER TO COMPLAINT FOR NEGLIGENCE AND WILLFUL FAILURE TO WARN; DEMAND FOR JURY TRIAL**

# EXHIBIT D

59

LAW OFFICES OF
## DAVID MAMANN
291  S.  LA CIENEGA BLVD.  STE.  214
BEVERLY HILLS, CA 90211
TEL. (310) 659-7171

DAVID MAMANN, ESQ.

FACSIMILE (310) 659-7799

February 2, 2021

**UPDATED DEMAND**

Gallagher Bassett Services, Inc.
P.O. Box 2934
Clinton, IA 52733-2934
ATTN: Erin Rodowick, Resolution Manager

| | | |
|---|---|---|
| **Re:** Our client(s) | : | CECILIA GONZALEZ LOPEZ |
| Date of Loss | : | 08-27-2020 |
| Claim Number | : | 003632-589785-GB-01 |
| Insured | : | Costco Wholesale Corporation |

Dear Ms. Rodowick:

As my client has concluded her treatment and I have finally gathered together all of her  medical bills and reports, I am forwarding them to you in hopes of reaching a prompt and fair settlement.

I have enclosed the following documentation relating to Ms. Lopez's treatment:

1. Copy of medical record from and itemzied
   Billing from Glendale Memorial Hosp.
   Health Center                                                   $4,186.00

2. Initial and final medical report from
   Pacific Chiro Rehab Clinic and itemized
   billing for medical services                               $1,080.00

3. Initial and final medical report from
   Moshe Wilker, M.D. and itemized
   billing for medical services                               $1,220.00

4. MRI reading and itemized billing from
   Expert MRI                                                      $3,390.00

5. Report and itemized billing from
   Moshe Wilker, M.D.                                          $6,500.00

6. Report and itemized billing from
   Custom Anesthesia Services                              $2,700.00

7. Itemized billing from Brentwood
   Ortho & Spine                                                  $20,062.00

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|
| September 3, 2021 at 5:25:45 PM CDT | | 1120 | 66 | Received |

*** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY ***

Erin Rodowick, Resolution Manager
Claim Number  003632-589785-GB-01
February 2, 2021
Page 2

8.  Initial and final medical report from
Los Angeles Occupational Health Clinic
and itemized billing for medical services          $5,010.00

**TOTAL REFLECTED BILLING:**          **$44,148.00**

**FUTURE MEDICAL TREATMENT**

1.  **Lumbar epidural injection**          **$25,000.00**

2.  **L3-S1 Disc decompression**          **$100,000.00**

**ESTIMATED FUTURE BILLING:**          **$125,000.00**

As is obvious, my client was hurt in this Slip & Fall incident, and through no fault of her own.

My client had given me authority to settle her claim with you in a mutually agreeable amount, if
such a result can be reached in a reasonable time.  To that end, I am calendaring my file for
fifteen (15) days in which to hear from you regarding settlement of this claim.

I look forward to your prompt response.

Respectfully,

David Mamann, Esq.
DM

2

# EXHIBIT E

**Alex Padilla**
**California Secretary of State**

 # Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Sunday, September 20, 2020. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## C1587907    COSTCO WHOLESALE CORPORATION

| | |
|---|---|
| **Registration Date:** | 06/05/1987 |
| **Jurisdiction:** | WASHINGTON |
| **Entity Type:** | FOREIGN STOCK |
| **Status:** | ACTIVE |
| **Agent for Service of Process:** | **C T CORPORATION SYSTEM (C0168406)** |
| | To find the most current California registered Corporate Agent for Service of Process address and authorized employee(s) information, click the link above and then select the most current 1505 Certificate. |
| **Entity Address:** | 999 LAKE DRIVE<br>ISSAQUAH WA 98027 |
| **Entity Mailing Address:** | P.O. BOX 35005<br>SEATTLE WA 98124 |

🛒 **Certificate of Status**

A Statement of Information is due EVERY year beginning five months before and through the end of June.

| Document Type ↕ | File Date ↓↑ | PDF |
|---|---|---|
| SI-NO CHANGE | 06/02/2020 | |
| PUBLICLY TRADED DISCLOSURE | 01/24/2020 | |
| SI-COMPLETE | 06/27/2019 | |
| PUBLICLY TRADED DISCLOSURE | 12/28/2018 | |
| PUBLICLY TRADED DISCLOSURE | 01/22/2018 | |
| PUBLICLY TRADED DISCLOSURE | 01/13/2017 | |
| PUBLICLY TRADED DISCLOSURE | 01/11/2016 | |
| PUBLICLY TRADED DISCLOSURE | 01/12/2015 | |

| Document Type ⇅ | File Date ⇵ | PDF |
|---|---|---|
| PUBLICLY TRADED DISCLOSURE | 01/16/2014 | |
| PUBLICLY TRADED DISCLOSURE | 01/17/2013 | |
| PUBLICLY TRADED DISCLOSURE | 01/24/2012 | |
| PUBLICLY TRADED DISCLOSURE | 01/21/2011 | |
| PUBLICLY TRADED DISCLOSURE | 01/22/2009 | |
| PUBLICLY TRADED DISCLOSURE | 01/09/2008 | |
| PUBLICLY TRADED DISCLOSURE | 01/16/2007 | |
| PUBLICLY TRADED DISCLOSURE | 01/26/2006 | |
| PUBLICLY TRADED DISCLOSURE | 06/29/2004 | |
| PUBLICLY TRADED DISCLOSURE | 09/11/2003 | Image unavailable. Please request paper copy. |
| AMENDED REGISTRATION | 01/22/1988 | |
| REGISTRATION | 06/05/1987 | |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

**Modify Search**    **New Search**    **Back to Search Results**

# EXHIBIT F

1

## <u>DEMAND FOR JURY TRIAL</u>

2       Defendants, COSTCO WHOLESALE CORPORATION and THAD KLESZCZ, hereby

3   demand trial of this matter by jury.

4   DATED:  June 8, 2022                     **MANNING & KASS**

5                                            **ELLROD, RAMIREZ, TRESTER LLP**

6

7                                   By:         _/s/ Joseph Gordon_

8                                            Joseph Gordon
                                             Attorneys for Defendants COSTCO
9                                            WHOLESALE CORPORATION and THAD
                                             KLESZCZ

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS COSTCO WHOLESALE CORPORATION AND THAD KLESZCZS' ANSWER TO
COMPLAINT FOR NEGLIGENCE AND WILLFUL FAILURE TO WARN; DEMAND FOR JURY TRIAL**

**<u>PROOF OF SERVICE</u>**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On June 9, 2022, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) (DIVERSITY): DECLARATION OF JOSEPH A. GORDON** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Manning & Kass, Ellrod, Ramirez, Trester LLP for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Los Angeles, California.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address apc@manningllp.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 9, 2022, at Los Angeles, California.

_____
Arlene Cabang

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(B) (DIVERSITY)

1

## SERVICE LIST

2

3    Alexander J. Zeesman, Esq,                    Attorneys for Plaintiff,
     Accident Fighters, APC                        Cecilia Lopez
4    11145 Tampa Ave., Suite 4B
     Porter Ranch, CA 91326
5    Tel: (855) 646-4878
     Email: contact@accidentfighters.com
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



8

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(B) (DIVERSITY)**